IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY WILLIAM FLETCHER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, et al. | : | NO. 08-0716 |

## REPORT AND RECOMMENDATION

PETER B. SCUDERI                                                                                     May        , 2008
UNITED STATES MAGISTRATE JUDGE

Currently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Timothy William Fletcher ("Fletcher"), an individual currently incarcerated in the State Correctional Institution ("SCI") at Somerset, Pennsylvania. For the reasons that follow, I recommend that the petition be transferred to the United States District Court for the Middle District of Pennsylvania.

**PROCEDURAL HISTORY:**

On September 5, 2001, Fletcher pled nolo contendere to sexual assault stemming from the abuse of his three (3) year old daughter. On December 10, 2001, the trial court imposed a sentence of five (5) to ten (10) years of imprisonment. On December 17, 2001, Fletcher filed a motion to reconsider his sentence. His motion for reconsideration was denied on January 4, 2002. Fletcher did not file a direct appeal.

On September 21, 2005, Fletcher filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. After appointment of counsel and an evidentiary hearing, Fletcher's PCRA petition was ultimately dismissed on February 16, 2006. On February 8, 2007, the Pennsylvania

Superior Court affirmed the dismissal of the PCRA petition. Commonwealth v. Fletcher, No. 949 EDA 2006 (Pa. Super. Feb. 8, 2007) (unpublished memorandum). Fletcher's petition for allowance of appeal to the Pennsylvania Supreme Court was denied on October 16, 2007. Commonwealth v. Fletcher, 456 MAL 2007 (Pa. Oct. 16, 2007).

On February 14, 2008,[1] Fletcher filed the instant pro se petition for a federal writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania alleging:

(1) his plea was unlawfully induced and involuntary;

(2) his conviction was obtained by use of a coerced confession;

(3) his statement to police was coached and made under extreme pressure;

(4) his conviction was obtained by the unconstitutional failure of the prosecution to disclose favorable evidence; and

(5) denial of effective assistance of counsel.

Respondents have filed an answer requesting that the instant petition be transferred to the United States District Court for Middle District of Pennsylvania.

---

[1] This court often presumes that a habeas petition is given to prison authorities on the date on which it was signed, and the petition is deemed filed as of that date. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)) (a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court). In this case, although the instant petition was signed on December 31, 2007, it was not docketed in the United States District Court for Eastern District of Pennsylvania until February 14, 2008. Because there is a six (6) week discrepancy between those dates, and in the absence of any explanation therefor, this court will consider the date the petition was docketed in this court as the official filing date.

**DISCUSSION:**

A petitioner may file a habeas corpus petition in the district where he is in custody or in the district in which he was convicted.[2]  28 U.S.C. § 2241(d).  In this case, Fletcher was convicted in Monroe County which is located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.  Petitioner is currently incarcerated in Somerset County which is within the jurisdiction of United States District Court for the Western District of Pennsylvania.  Accordingly, the Middle and Western Districts of Pennsylvania have concurrent jurisdiction to entertain Fletcher's habeas petition, while this court does not.  28 U.S.C. § 2241(d).

Notwithstanding, this court has discretion, in the interests of justice, to transfer this case to the proper district, rather than dismissing it outright.  See 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"); see also In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001) (noting that §

---

[2]28 U.S.C. § 2241(d) states:
Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two [2] or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

3

1404(a) applies to transfers of habeas corpus petitions). Because the petitioner in this case is proceeding pro se and because unnecessary delay would be caused by the dismissal of the petition for lack of jurisdiction, I recommend that the petition be transferred rather than dismissed.

As the Middle and Western Districts of Pennsylvania have concurrent jurisdiction over this petition, the court must decide to which district to transfer this action. Fletcher's petition indicates that he is challenging his custody based on alleged errors in his nolo contendere plea process. Fletcher's conviction occurred in the state court located within the jurisdiction of the United States District Court for the Middle District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses and counsel are located within the Middle District of Pennsylvania. Accordingly, the court recommends that this action be transferred to the Middle District of Pennsylvania as the most appropriate forum to entertain Fletcher's petition. See In re Nwanze, 242 F.3d at 526 n.2 (transfer of a habeas proceeding to the district of sentencing would be "in furtherance of the convenience of the parties and witnesses").

Therefore, I make the following:

## **R E C O M M E N D A T I O N**

AND NOW, this      day of May, 2008, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be TRANSFERRED to the United States District Court for the Middle District of Pennsylvania in accordance with 28 U.S.C. § 2241(d).  There is no basis for the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                  s/Peter B. Scuderi
                                      PETER B. SCUDERI
                                      UNITED STATES MAGISTRATE JUDGE