IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY WILLIAM FLETCHER, :
:
        Petitioner, :
: CIVIL NO. 3:CV-08-1413
        v. :
: (JUDGE VANASKIE)
GERALD ROZUM, :
:
        Respondent. :

MEMORANDUM

Introduction

On or about December 31, 2007, Timothy W. Fletcher, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania, proceeding pro se, brought this habeas corpus proceeding[1] pursuant to 28 U.S.C. § 2254.[2] Fletcher challenges the validity of a "no contest" plea to sexual assault which he entered in the Monroe County Court of Common

---

[1] This petition was initiated in the United States District Court for the Eastern District of Pennsylvania. By Order dated June 26, 2008, the matter was transferred to this Court. Fletcher v. Rozum, Civil Action No. 08-716, 2008 WL 2609826 at *1 (E.D. Pa. June 26, 2008).

[2] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Pleas in 2001.[3] Petitioner claims entitlement to federal habeas corpus relief on the grounds that: (1) his plea was unlawfully induced or involuntarily made; (2) his conviction was obtained through use of a coerced confession because he was subjected to several hours of intense questioning; (3) the Commonwealth failed to disclose exculpatory evidence; and (4) he received ineffective legal representation as a result of trial counsel's alleged failure to conduct an adequate investigation.

Petitioner was sentenced on December 10, 2001, to a period of incarceration of not less than five (5) years and no more than ten (10) years. His conviction became final for purposes of the limitations period for seeking habeas corpus relief no later than February 9, 2002, the latest date by which Petitioner could have filed a direct appeal.

Pursuant to Day v. McDonough, 547 U.S. 198, 209-11 (2006), and United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc), this Court, by Order dated October 31, 2008, directed Respondent to address the timeliness of this habeas challenge to the 2001 conviction. (Dkt. Entry # 10.) The Order also afforded Petitioner an opportunity to submit a reply addressing the timeliness issue. Both parties have submitted briefs on the issue.

For the reasons that follow, all claims, other than the Brady claims based upon after-discovered evidence, will be dismissed as untimely. Counsel will be appointed to represent

---

[3] The charge stemmed from Petitioner's alleged abuse of his three (3) year old daughter.

Petitioner, and the parties will be directed to address the timeliness and exhaustion of state court remedies issues as well as the merits of the Brady claim.

Background

Petitioner entered his no contest plea on September 5, 2001. (Dkt. Entry # 1, ¶ 2(a).) He was sentenced on December 10, 2001. His post-sentence reconsideration motion was denied during early January, 2002. Under Pennsylvania state law, Fletcher had thirty (30) days after denial of his post-sentence reconsideration motion within which to file a direct appeal. See Pa. R. Crim. P. 720(A)(3). He did not take a direct appeal. Hence, Petitioner's conviction became final and the habeas limitations period commenced to run under § 2244(d) in February, 2002, after Fletcher failed to initiate a direct appeal.

On September 21, 2005, nearly four years after his conviction became final, Petitioner sought relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, et seq. On February 16, 2006, Fletcher's state court petition was dismissed as untimely. (Dkt. Entry # 1, ¶ 11(a)(6).) On March 7, 2006, a pro se appeal was filed with the Pennsylvania Superior Court. Appellate counsel was appointed for Fletcher on March 14, 2006.

Fletcher states that in April of 2006, while his appeal was still pending, he obtained a copy of a DNA report, which he describes as exculpatory. The DNA report, dated November 7, 2001 (post plea but pre-sentencing), concerned the testing performed on a towel which

allegedly had been used to wipe the victim's blood from her body.[4]  The report, a copy of which has been submitted by Fletcher, appears to conclude that the blood on the towel belonged to Petitioner, not the victim, and that semen on the towel did not belong to Fletcher.

Based upon this evidence, Petitioner brought a second PCRA action which sought relief on the ground that the Commonwealth had failed to disclose favorable evidence as mandated under Brady v. Maryland, 373 U.S. 83 (1963)(hereinafter Brady claim). (Dkt. Entry # 11(b)(3).) The second PCRA petition was dismissed by the Court of Common Pleas on June 6, 2006 for lack of jurisdiction because Fletcher's appeal of the dismissal of his first PCRA action was still pending.  (Dkt. Entry # 1,¶ 11(b)(5).

Petitioner's counsel then filed a motion with the Superior Court (with respect to his already pending appeal), requesting a remand to the PCRA court for an evidentiary hearing based upon the after-discovered evidence.  By Order dated September 1, 2006, the Superior Court denied the motion for remand, but permitted Petitioner to reiterate his request for remand in his appellate brief.

The Superior Court affirmed the decision of the PCRA court dismissing the first PCRA petition as untimely in an opinion filed on February 8, 2007.  See Commonwealth v. Fletcher, 924 A.2d 691 (Pa. Super. 2007)(Table).[5]  The Superior Court concluded that all issues raised

---

[4]  Petitioner indicates that he had used the towel to stop a nose bleed.

[5]  This Court, acting on its own, contacted the Superior Court and obtained a copy of that court's January 8, 2007 decision. (Dkt. Entry # 15.)

by Petitioner had been waived pursuant to Pa. R. A. P. 1925(b) due to his untimely filing of a Rule 1925(b) statement. (Dkt. Entry # 15 at 4.) It further noted that while Fletcher had been permitted to reiterate in his brief a request for remand to the PCRA court for an evidentiary hearing, that determination did not shield the Brady claim from waiver. (Id. at 5.) The Pennsylvania Supreme Court denied relief on October 16, 2007. See Commonwealth v. Fletcher, 934 A.2d. 72 (Pa. 2007)(Table).

Standard of Review

Fletcher's pending § 2254 petition is dated December 31, 2007,[6] and will be deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court). Section 2244(d) of title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

---

[6] See Dkt. Entry # 1, p. 9. The Court notes that there is an unexplained six week interlude between the signing date and the date (February 14, 2008) that this action was actually initiated in the Eastern District of Pennsylvania.

any period of limitation under this subsection.

See generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999).

Unlawful Plea/ Coerced Confession/Ineffective Assistance

As previously noted, Petitioner's conviction became final and the limitations period commenced for purposes of § 2244(d) on or about February 9, 2002, after Fletcher failed to take a direct appeal. Thus, Fletcher had until February of 2003 to file his § 2254 petition with respect to his above claims unless the period was tolled by pursuit of a properly filed state post-conviction proceedings.

The running of the habeas limitations period is suspended for the period when properly-filed state post-conviction proceedings are pending in any state court. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.), cert. denied, 534 U.S. 944 (2001)(an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)(federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed"). Moreover, because the "one-year filing requirement is a statute of limitations, not a jurisdictional rule, . . . a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998).

It is evident in this case that the limitations period expired well before Petitioner sought

PCRA review on September 21, 2005. Furthermore, it is clear that the grounds for Petitioner's claims of an involuntary no contest plea, coerced confession, and ineffective assistance of counsel were known within the habeas and PCRA limitation periods. Accordingly, those three claims are subject to dismissal if statutory or equitable tolling is not warranted. See Merritt, 326 F.3d at 161.

Petitioner claims that his present action is timely because it was filed within one year after the Pennsylvania Supreme Court dismissed his PCRA appeal. (Dkt. Entry # 12 at 1.) However, this argument lacks merit since the Supreme Court's denial of the PCRA appeal was not the triggering date for calculation of the one-year limitations period. Rather, as explained above, the one year period started when Fletcher failed to file a direct appeal. The federal habeas limitations period had already expired before his first PCRA action was even filed. Thus, statutory tolling with respect to the claims known to Petitioner at the time of his conviction is not available.

Fletcher also asserts that he is entitled to equitable tolling, having "essentially met all three of the exceptions to the timeliness issue." (Dkt. Entry # 12 p. 3, ¶ 12.) First, he contends that because the Commonwealth withheld exculpatory evidence (the after-discovered November 7, 2001 DNA report), he should be eligible for federal habeas relief because his state proceedings were fundamentally unfair, resulting in a miscarriage of justice. Second, Petitioner argues that equitable tolling is appropriate because he was denied a fair trial due to

-7-

trial counsel's failure to conduct any pre-trial investigation. Finally, Petitioner contends that he is actually innocent.

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A habeas petitioner may establish grounds for equitable tolling by showing that (a) the government has actively misled the petitioner; (b) the rights in question were timely asserted, but in the wrong forum; or (c) the petitioner has in some extraordinary way been prevented from asserting his rights." Jones, 195 F.3d at 159. "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). Nor does equitable tolling extend to claims of excusable neglect. Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990). Thus, Petitioner's argument that he is entitled to equitable tolling because his counsel failed to conduct a pre-trial investigation does not establish an entitlement to equitable tolling.

Second, with the exception of the Brady claim, Petitioner offers no reasonable explanation as to why he could not have pursued state court review of his remaining three federal habeas claims in a timely fashion. There are no facts argued or apparent from the record which could establish that Fletcher's failure to timely pursue his pending ineffective assistance, unlawfully induced plea, and coerced confession arguments was caused by being

-8-

misled by the Commonwealth, or that pursuit of those arguments was otherwise prevented in some extraordinary fashion. There is also no support for a finding that those three arguments were timely raised in the wrong forum. Most importantly, those claims are not premised upon the after-discovered evidence upon which Fletcher's Brady argument rests. It therefore follows that Petitioner is not entitled to equitable tolling with respect to the pursuit of his claims of unlawful plea, coerced confession, and ineffective assistance. Since there is no basis for equitable or statutory tolling, those time-barred arguments will be dismissed.

Brady Claim

With respect to the claim that the Commonwealth failed to disclose exculpatory evidence, Petitioner contends that he did not become aware of the existence of the post-plea DNA report until April 24, 2006. (Dkt. Entry # 12 at 2.) According to his Superior Court appellate brief, Petitioner discovered through his North Carolina Attorney on another matter that a DNA report produced on November 7, 2001 confirmed that semen taken from a towel did not belong to Petitioner.[7] See Commonwealth v. Fletcher, 2006 WL 4285337 * 7. (Sept. 25, 2006)(Brief of Appellant).

When confronted with this type of claim, our Court of Appeals has held that the § 2244 one year statute of limitations "did not begin ticking until the day [the petitioner] received the

---

[7] It is noted that there is no indication as to how long Petitioner's North Carolina attorney was in possession of the DNA report.

alleged Brady material." Rinaldi v. Gillis, 248 Fed. Appx. 371, 380 (3d Cir. 2007). Accord Willis v. Jones, 329 Fed. Appx. 7, 16 (6th Cir. 2009)(limitations period begins to run when state disclosed the evidence). Fletcher states that he became aware of the existence of the Brady material on April 24, 2006. Respondent has not provided this Court with any contradictory facts or arguments. There are also no facts suggesting that Petitioner could have discovered the existence of the after discovered evidence earlier by the exercise of reasonable diligence. See id. Accordingly, the § 2244(d) one year limitations period with respect to Fletcher's Brady claim will be deemed to have begun to run on April 24, 2006.

Petitioner's pending § 2254 action has been deemed filed as of December 31, 2007. Therefore, a period in excess of one year elapsed from the April 24, 2006 discovery of the Brady material and the initiation of this action. However, as of March 7, 2006, Fletcher had filed a pro se appeal from the dismissal of his first PCRA action with the Pennsylvania Superior Court. As discussed earlier, this state court proceeding concluded when the Pennsylvania Supreme Court denied relief on October 16, 2007.

The Court of Appeals for the Third Circuit in Rinaldi, supra, addressed a similar scenario involving application of the limitations period to a Brady claim. It concluded that Rinaldi's federal habeas petition was time-barred because the petitioner could have initiated a properly filed PCRA petition regarding his Brady claim in state court and failed to do so. Rinaldi, 248 Fed. Appx. at 378-79.

In the present case, unlike Rinaldi, the Superior Court issued an Order on September 1, 2006, affording Petitioner permission to raise his Brady issue in the brief supporting his then pending state court appeal from the dismissal of his first PCRA action. By Memorandum dated February 8, 2007, the Superior Court concluded that all of Fletcher's issues, including his Brady claim, were waived. (Dkt. Entry # 15 at 5.) This disposition raises a question as to whether the dismissal of the Brady claim rests upon an independent and adequate state rule. See Lewis v. Horn, 581 F.3d 92, 105-106 (3d Cir. 2009). Neither party has addressed this issue.

Nor have the parties addressed the significance of the opportunity Fletcher had to file a third PCRA petition following the Superior Court's finding of waiver. See Rinaldi, 248 Fed. Appx. at 378-79. Because the parties have not adequately addressed these issues, dismissal of Fletcher's Brady claim as untimely is inappropriate at this juncture.[8]

Appointment of Counsel

There is no constitutional or statutory right to the appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). However, a court may exercise its discretion in appointing counsel to represent a habeas petitioner if it "determines that the interests of justice so require," and that the petitioner is financially unable to obtain adequate

---

[8] It is noted that the Brady claim has not been the subject of an evidentiary hearing or addressed on its merits by any Pennsylvania state court. There is also no indication as to why Petitioner did not return to the PCRA court after the dismissal of his state appeal with a third PCRA petition asserting his Brady claim.

representation. 18 U.S.C. § 3006A(a)(2). Because of the complex legal questions presented in this matter and Fletcher has asserted an arguably colorable Brady claim that he lacks the means to adequately investigate, prepare, or present, counsel will be appointed to represent Petitioner.[9]

Conclusion

Under the standards set forth in Miller and Jones, the present petition simply does not allege the type of extraordinary circumstances which would warrant equitable tolling with respect to Fletcher's failure to timely pursue ineffective assistance, unlawfully induced plea, and coerced confession arguments. Petitioner's request for federal habeas corpus relief with respect to those three (3) claims will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

Fletcher's Brady claim is based upon newly discovered evidence and since there are outstanding issues with respect to the timeliness of that claim, it will not be dismissed at this juncture. Respondent will be directed to file a response addressing the surviving Brady claim. The Federal Public Defender's Office for the Middle District of Pennsylvania will be appointed to represent Fletcher. An appropriate Order will enter.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

---

[9] The Federal Public Defender's Office for the Middle District of Pennsylvania has agreed to undertake the representation of Petitioner.

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY WILLIAM FLETCHER, :
:
    Petitioner, :
: CIVIL NO. 3:CV-08-1413
    v. :
: (JUDGE VANASKIE)
GERALD ROZUM, :
:
    Respondent. :

## ORDER

AND NOW, THIS 9th DAY OF NOVEMBER, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner's claims of ineffective assistance of counsel, unlawfully induced plea, and coerced confession are dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

2. Within twenty (20) days of the date of this Order, Respondent shall file an Answer addressing Fletcher's surviving Brady claim. Consistent with Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, the Answer shall:

    a) state whether Petitioner has exhausted state remedies available under state law, including post-conviction remedies;

  b) indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available and when they can be furnished;

  c) be accompanied by parts of any transcript that Respondent deems relevant to disposing of the <u>Brady</u> claim;

  d) identify other proceedings that might be relevant to disposing of the <u>Brady</u> claim that have been recorded but have not yet been transcribed; and

  e) be accompanied by copies of any of Petitioner's briefs filed on appeal, either from the judgment of conviction or from an adverse decision in a post-conviction proceeding; copies of any briefs that the prosecution submitted in an appellate court relating to the conviction or sentence; copies of any opinions of the trial and appellate courts in those proceedings; and any PCRA petitions.

3.  Respondent shall file a Memorandum of Law with the Answer. The Memorandum of Law shall set forth the relevant facts and procedural history of the case, a recommended disposition of the <u>Brady</u> claim, and citations to pertinent case law.

4.  The Federal Public Defender's Office for the Middle District of

Pennsylvania is appointed to represent Petitioner, and the Clerk of Court shall serve this Order on the Federal Public Defender's Office.

5. Petitioner, through counsel, shall file a reply brief within fifteen (15) days of receipt of Respondent's filings.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge