IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY WILLIAM FLETCHER, | : | |
| Petitioner | : | |
| | : | CIVIL NO. 3:08-CV-1413 |
| v. | : | |
| | : | Hon. John E. Jones III |
| GERALD ROZUM, | : | |
| Respondent | : | |

**MEMORANDUM**

**June 14, 2011**

**Introduction**

Timothy W. Fletcher, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania, initially filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania.[1] By Order dated June 26, 2008, Petitioner's action was

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

transferred to the Middle District of Pennsylvania.  *See Fletcher v. Rozum*, Civil Action No. 08-716, 2008 WL 2609826 (E.D. Pa. June 26, 2008).

Fletcher challenges the validity of a "no contest" plea to sexual assault which he entered in the Monroe County Court of Common Pleas on September 5, 2001.[2] Following entry of his plea, Petitioner was sentenced on December 10, 2001 to a period of incarceration of not less than five (5) years and no more than ten (10) years. (Doc. 1, ¶ 2(a).)  Petitioner seeks federal habeas corpus relief on the grounds that: (1) his plea was unlawfully induced or involuntarily made; (2) his conviction was obtained through use of a coerced confession because he was subjected to several hours of intense questioning; (3) the Commonwealth failed to disclose exculpatory evidence; and (4) he received ineffective legal representation as a result of trial counsel's alleged failure to conduct an adequate investigation.

A November 9, 2009 Memorandum and Order issued by Judge Vanaskie of this Court dismissed Petitioner's claims of ineffective assistance of counsel, unlawfully induced plea, and coerced confession as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).  (Doc. 18.)  In addition, Judge Vanaskie appointed the Federal Public Defender's Office to represent Fletcher with respect to his surviving claim that the

---

[2] The charge stemmed from Petitioner's alleged abuse of his three (3) year old daughter.

Commonwealth failed to disclose favorable evidence as mandated under *Brady v. Maryland*, 373 U.S. 83 (1963) (hereinafter *Brady* claim) and directed the parties to submit supplemental memorandums addressing the issues of timeliness and exhaustion of state court remedies issues as well as the merits of the *Brady* claim. This matter was subsequently reassigned to the undersigned.

**Background**

As previously noted, Fletcher entered his no contest plea on September 5, 2001. (Doc. 1, ¶ 2(a).)  He was sentenced on December 10, 2001.  His post-sentence reconsideration motion was denied during early January, 2002.  A direct appeal was not filed.

On September 21, 2005, Petitioner sought relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, *et seq*.  By decision dated February 16, 2006, Fletcher's PCRA petition, which was filed almost four (4) years after his conviction became final, was dismissed as untimely.

A *pro se* appeal of that ruling was filed with the Pennsylvania Superior Court on March 7, 2006.  Appellate counsel was appointed for Fletcher on March 14, 2006. Counsel was ordered to file a concise statement of matters complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure Rule 1925(b) by April 20, 2006.

While his state court appeal was pending, Fletcher allegedly obtained a copy of a DNA report on April 26, 2006, which he describes as being exculpatory.[3] This DNA report, dated November 7, 2001 (post-plea but pre-sentencing), concerned testing performed on a towel which allegedly had been used to wipe the victim's blood from her body. The report, a copy of which has been submitted by Fletcher, appears to conclude that the blood on the towel belonged to Petitioner, not the victim, and that semen on the towel did not belong to Fletcher.[4]

Petitioner filed an untimely 1925(b) statement with the Superior Court on May 12, 2006. Therein, Fletcher's PCRA counsel raised a *Brady* claim purportedly for protective purposes due to the Pennsylvania state court requirement that a claim based upon newly discovered evidence must be raised within sixty (60) days of its discovery.

Fletcher also brought a second action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C. S. A. § 9541, *et seq*. which similarly sought

---

[3] Petitioner contends that he did not become aware of the existence of the post-plea DNA report until April 24, 2006. (Doc. 12, p. 2.)

[4] According to his Superior Court appellate brief, Petitioner discovered through his North Carolina attorney on another matter that a DNA report produced on November 7, 2001 confirmed that semen taken from a towel did not belong to Petitioner. *See* *Commonwealth v. Fletcher*, 2006 WL 4285337 * 7. (Sept. 25, 2006)(Brief of Appellant). Fletcher indicates that he used the towel to stop a nose bleed.

relief on the ground that the Commonwealth failed to disclose favorable evidence as mandated under *Brady*. The second PCRA petition was dismissed by the Court of Common Pleas on June 6, 2006 for lack of jurisdiction because Fletcher's appeal of the dismissal of his first PCRA action was still pending. (Doc. 1, ¶ 11(b)(5).)

On or about August 21, 2006, Petitioner's PCRA counsel filed a motion with the Superior Court, requesting a remand to the PCRA court so that an evidentiary hearing regarding the *Brady* claim could be conducted. By Order dated September 1, 2006, the Superior Court denied Petitioner's motion for remand, but permitted him to reiterate his request for remand in his appellate brief.

The Superior Court affirmed the decision of the PCRA court dismissing Fletcher's first PCRA petition as untimely in an opinion filed on February 8, 2007. *See Commonwealth v. Fletcher*, 924 A.2d 691 (Pa. Super. 2007)(Table).[5] The Superior Court's decision concluded that all issues raised by Petitioner had been waived under 1925(b) due to PCRA counsel's untimely filing of a Rule 1925(b) statement. (Doc. 15, p. 4.) The Opinion further noted that while Fletcher had been permitted to reiterate in his appellate brief a request for remand to the PCRA court for an evidentiary hearing on the *Brady* claim, that determination did not shield the *Brady*

[5] A copy of the decision has been submitted for consideration by this Court. *See* Doc. 15.

claim from dismissal on the basis of waiver. (*Id.*, p. 5.) The Pennsylvania Supreme Court denied relief on October 16, 2007. *See Commonwealth v. Fletcher*, 934 A.2d. 72 (Pa. 2007)(Table).

**Statute of Limitations**

Section 2244(d) of title 28 of the United States Code provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*See generally*, *Jones v. Morton*, 195 F.3d. 153, 157 (3d Cir. 1999). With respect to *Brady* claims, the § 2244 one year statute of limitations does "not begin ticking until the day [the petitioner] received the alleged *Brady* material." *Rinaldi v. Gillis*, 248 Fed. Appx. 371, 380 (3d Cir. 2007). *Accord Willis v. Jones*, 329 Fed. Appx. 7, 16 (6th Cir. 2009)(limitations period begins to run when state disclosed the evidence).

Judge Vanaskie's November 9, 2009 Memorandum and Order concluded that

since there was no evidence to the contrary, the § 2244 one year statute of limitations period began running on Petitioner's *Brady* claim as of April 24, 2006 and expired prior to the filing of this action. However, Judge Vanaskie added that dismissal of the *Brady* claim as being untimely was "inappropriate at this juncture because the parties had not addressed: (1) the issue of whether the Superior Court's dismissal of the *Brady* claim rested upon an independent and adequate state rule, and (2) the significance of Petitioner's failure to file a third PCRA petition following the Superior Court's finding of waiver.

Petitioner's counseled supplemental reply asserts that the *Brady* claim was timely raised because he is entitled to both statutory and equitable tolling. (Doc. 23, p. 3.) Specifically, Petitioner maintains that the Superior Court's September 1, 2006 ruling which permitted him to reiterate his request for remand of the *Brady* claim in his appellate brief triggered statutory tolling. Fletcher adds that his diligent pursuit of his *Brady* claim coupled with his claim of actual innocence and the issuance of an ambiguous order by the Superior Court[6] warrants entitlement to equitable tolling. Respondent's supplemental response does not address the concerns raised by Judge

[6] Fletcher contends that because the Superior Court's September 1, 2006 Order "lacked clarity regarding the exact issues to be raised relating to the *Brady* violation, [prior] counsel mistakenly argued the *Brady* violation on the merits in his [Superior Court] appellate brief." (Doc. 23, p. 5.)

Vanaskie nor does it assert an argument for dismissal on the basis of untimeliness. Respondent has also not addressed the tolling arguments presented by Petitioner. Based upon the failure of Respondent to seek dismissal, or address the issues raised by Judge Vanaskie and Petitioner's supplemental memorandum, dismissal on the basis of untimeliness is not appropriate.

**Exhaustion**

Respondent's supplemental response asserts that Petitioner failed to exhaust his state court remedies with respect to his surviving *Brady* claim. (Doc. 19, p. 6.) Specifically, it is argued that by "failing to present his *Brady* violation to state court level through a second PCRA petition or an amended Second PCRA petition the petitioner did not fairly present the issue for state court review and the claim was not therefore properly exhausted." *Id.* Respondent further contends that since an evidentiary hearing was not conducted in state court, Fletcher's *Brady* claim cannot be considered.

Petitioner "acknowledges that his *Brady* claim was never addressed on its merits by any Pennsylvania state court and was "defaulted in state court." (Doc. 23, p. 19.) According to Fletcher, when the Superior Court thereafter incorrectly ruled that Petitioner had waived his *Brady* claim, he was precluded from subsequently raising said claim with the trial court via a third PCRA petition. *See id.* Petitioner concludes

that because the Superior Court's preclusion of the *Brady* claim on the basis of waiver, a state procedural rule, was "not adequate to support the judgment," the merits of said claim may be reviewed by this Court. *See id.*, p. 20. In addition, Fletcher argues that failure to consider said claim will result in a fundamental miscarriage of justice.

Section 2254(b)(1) of Title 28 of the United States Code provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[7] The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004); *Johnson v. Shaw*, 2011 WL 1085781 *7 (M.D. Pa. March 21, 2011)(Jones, J.)

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92

[7] However, a § 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

(2006) (internal citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process).

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Evans v. Court of Common Pleas*, 959 F. 2d 1227, 1230 (3d Cir. 1992); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. *Evans*, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Toulson v. Beyer*, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted,

not unexhausted.  A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Beard v. Kindle*, ___ U.S. ___, 130 S.Ct. 612, 614 (2009).  Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result.  *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

The threshold issue for this Court is whether the Superior Court's conclusion of waiver constitutes a procedural default of the pending *Brady* claim.  Judge Vanaskie's November 9, 2009 Memorandum and Order concluded that the Superior Court's disposition raised a question as to whether the dismissal of the *Brady* claim rested upon an independent and adequate state rule as contemplated in *Lewis v. Horn*, 581 F.3d 92, 105-106 (3d Cir. 2009).[8]  Dismissal under a state procedural rule is not an adequate bar to federal habeas review unless it was firmly established and regularly followed.  *Williams v. Beard*, 2011 WL 802047 *22 (3d Cir. March 9, 2011).  The issue of whether the rule was firmly established and regularly followed is determined

---

[8] Judge Vanaskie also noted that there was no indication as to why Petitioner did not return to the PCRA court with a third PCRA petition asserting his *Brady* claim following the Superior Court's finding of waiver.

as of the date the default occurred. *Albrecht v. Horn*, 485 F.3d 103, 115 (3d Cir. 2007).

Petitioner concedes that the dismissal of his *Brady* claim was independent of the federal question. (Doc. 23, p. 21.) There is also no argument by Fletcher that Rule 1925(b) was not firmly established and/or regularly followed as contemplated under *Williams*. Rather, citing *Davis v. Wechsler*, 263 U.S. 22, 24 (1923), Petitioner asserts that the state law ground (Rule 1925(b)) was "inadequate under the extraordinary circumstances of this case." (Doc. 23, p. 22.) Petitioner supports this argument by noting that if his state appellate counsel had filed a timely Rule 1925(b) statement, it could not have included his *Brady* claim because the relevant evidence was not discovered until after the due date for submitting the Rule 1925(b) statement.

In *Buck v. Colleran*, 115 Fed Appx. 526 (3d Cir. 2004), a Pennsylvania state inmate seeking § 2254 relief similarly argued that the Superior Court erred by finding waiver of two claims for failure to comply with Rule 1925(b). The petitioner in *Buck* asserted that he could not comply with Rule 1925(b) due to a delay by the trial court in issuing an opinion. The Court of Appeals for the Third Circuit noted that because Buck did not file a motion to supplement his Rule 1925(b) statement or request an enlargement of time to raise the two claims, he was partially at fault and therefore the Superior Court did not err in finding that the claims were waived for failure to comply

with Rule 1925.[9]  See id. at 528.  *Buck* clearly recognized that failure to comply with Rule 1925(b) constituted a procedural default for purposes of federal habeas corpus review.  Moreover, the Court clearly indicated that when an issue cannot be timely asserted in a Rule 1925(b) statement, a petitioner who neglects to file a motion with the Superior Court either to supplement the Rule 1925(b) statement or for an enlargement of time fails to demonstrate both cause for the resulting procedural default and resulting prejudice.  *See id.*

It is undisputed that the evidence underlying Petitioner's pending *Brady* claim was not produced until April, 2006 when Petitioner obtained a copy of a DNA report.  This discovery transpired while Fletcher's appeal of the dismissal of his first PCRA action was pending before the Superior Court and after the due date for filing his Rule 1925(b) statement.  Fletcher's *Brady* claim has not been the subject of an evidentiary hearing or addressed on its merits by any Pennsylvania state court.[10]

---

[9] In *Fischetti v. Johnson*, 384 F.3d 140, 154 (3d Cir. 2004), the Court of Appeals opined that attorney error which rises to the level of ineffective assistance of counsel "establishes external cause to overcome a procedural default." Of course, there has been no finding in state court that the procedural default of the *Brady* claim stemmed from ineffective assistance of counsel and no such claim is before this court.

[10] It is unclear as to whether the PCRA court or any Pennsylvania state appellate court would be willing to entertain Fletcher's *Brady* claim at this point in time.

As previously discussed, Petitioner's former counsel filed an untimely 1925(b) statement regarding his pending PCRA appeal with the Superior Court on May 12, 2006 which included a *Brady* claim. Fletcher's former counsel also filed a second PCRA petition raising the same *Brady* claim. However, his second PCRA action was dismissed by the Court of Common Pleas on June 6, 2006 for lack of jurisdiction because Fletcher's appeal of the dismissal of his first PCRA action was still pending before the Superior Court.

Petitioner's counsel then filed a motion with the Superior Court with respect to the pending appeal of his first PCRA action, requesting a remand to the trial court so that an evidentiary hearing could be conducted regarding the *Brady* evidence. The Superior Court issued an Order on September 1, 2006, affording Petitioner permission to raise his *Brady* remand issue in the brief supporting his then pending state court appeal from the dismissal of his first PCRA action. By Memorandum dated February 8, 2007, the Superior Court concluded that all of Fletcher's issues, including his *Brady* claim, had been waived. (Doc. 15, p. 5.)

Petitioner asserts that the Superior Court's finding of waiver was incorrect because a timely 1925(b) statement would not have included the *Brady* claim since discovery of the underlying newly discovered evidence had not yet occurred. Therefore, because the Superior Court misapplied the waiver rule with respect to the

*Brady* claim, said decision was not based upon an independent and adequate state rule which was firmly established and regularly followed.

Based on the Third Circuit Court of Appeals' ruling in *Buck*, the Superior Court's finding of waiver for failure to comply with Rule 1925(b) constitutes a procedural default and is an adequate bar to federal habeas corpus review. *See also* *Spencer v. Macgrady*, 2011 WL 673738 *4 (E.D. Pa. Feb. 16, 2011) ("a waiver of claims through a failure to file a 1925(b) statement *does* constitute a procedural default on independent and adequate state grounds").

Fletcher's present counsel indicates that the failure of former counsel to timely file the Rule 1925(b) statement constitutes extraordinary circumstances and supports a determination by this Court that the procedural default should be excused. While Petitioner's PCRA appellate counsel did attempt to present the *Brady* claim for consideration in state court, he nonetheless bears a degree of fault for the failure of said argument to be considered on its merits by the Pennsylvania state courts.

Under an application of the standards developed in *Buck*, since Fletcher's PCRA counsel did not file either a motion to supplement his Rule 1925(b) statement or seek an enlargement of time from the Superior Court, he has failed to establish cause for the procedural default or resulting prejudice. It is also noted that Petitioner's prior counsel failed to seek review of the *Brady* claim through the filing of a third

PCRA petition after issuance of the adverse Superior Court decision. Accordingly, given the rationale expressed by the Third Circuit Court of Appeals in *Buck*, the cause and resulting prejudice components of *Edwards* have not been satisfied. *See* *Spencer*, 2011 WL 673738 *2 (dismissing habeas petition where petitioner failed to file a new PCRA petition seeking reinstatement of his appellate rights).

**Actual Innocence**

As noted above, procedural default may also be excused if a petitioner can show that a "fundamental miscarriage of justice" would occur. *Edwards*, 529 U.S. at 451. Fundamental miscarriage of justice requirement has been defined as requiring that a petitioner demonstrate the existence of new evidence which is reliable enough to establish that constitutional error caused the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 317 (1995); *Rosario v. Tennis*, 2010 WL 1053227 *14 (E.D. Pa. March 1, 2010).

"A defaulted habeas claim may be considered by a federal court where the petitioner fails to show cause for the default if the petitioner can show actual innocence." *Kelly v. Klem*, 2006 WL 2924478 (E.D. Pa. Oct. 6, 2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986). However, actual innocence is merely a gateway to the consideration of otherwise defaulted claims rather than an independent basis for relief. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Petitioner asserts that the DNA report was exculpatory to the extent that it could reasonably establish that he was actually innocent. (Doc. 23, p. 26.) Fletcher claims that if he had been provided with this *Brady* evidence he would have proceeded to trial rather than entering a *nolo contendere* plea. He further concludes that if presented with the DNA report, it is more likely than not that a reasonable juror would have found him not guilty. *Id*. at p. 27.

In applying the actual innocence standard, a district court must assess the probative value of the newly presented evidence and assess the likely impact the evidence would have on reasonable jurors. *See* *Kelly*, 2006 WL 2924478 at * 9. A petitioner still bears the burden of demonstrating that in light of the newly discovered evidence a reasonable juror would have reasonable doubt.

Since Fletcher entered a *nolo contendere* plea, there is no available state court record upon which this Court could make an assessment as to what impact the DNA evidence would have had on a reasonable juror. Respondent notes that there were conflicting DNA reports; "one report furnished to the defense" showed that Fletcher was a DNA match while the second DNA report, the one at issue herein, regarded testing done on "another piece of evidence" showed that Petitioner was not a match. (Doc. 19, p. 7.) The Respondent adds medical findings established that the victim was anally penetrated and Petitioner admitted to "at least digital penetration." *Id.*

Furthermore, Respondent notes that the victim identified Petitioner "as having sexually assaulted her to various individuals, including Dr. Taroli, a medical professional." *Id.*  Respondent concludes that the DNA report/*Brady* evidence "would not change the outcome of the case." *Id*. at p. 8.

   Clearly, Fletcher bears the burden of demonstrating that in light of the *Brady* evidence a reasonable juror would have reasonable doubt.  As discussed above, Respondent has provided this Court with a description of various witnesses and evidence which would implicate Petitioner's guilt in the alleged criminal activity underlying his state conviction.   However, Fletcher has not contradicted or otherwise challenged the evidence described by Respondent.  In light of Respondent's assertions, Petitioner's general contention that he would have proceeded to trial if he had been provided with the favorable DNA report and that it is more likely than not that no reasonable juror  would have found him guilty simply does not satisfy his burden of demonstrating actual innocence.  *See Hull v. Freeman*, 991 F.2d 86, 91, n. 3 (3d Cir. 1993); *Durham v. Piazza*, 2010 WL 5817664 * 6  (E.D. Pa. April 16, 2010)(denying relief where petitioner fails to support an assertion of actual innocence with any evidentiary support with respect to claim of prosecutorial misconduct); Johnson, 2011 WL 1085781 *9 ("a credible assertion of actual innocence " is required "to justify a petitioner's failure to comply with state procedural rules.")

**Conclusion**

For the reasons set forth above, Petitioner's *Brady* claim was procedurally defaulted in Pennsylvania state court. Furthermore, Fletcher's *Brady* claim cannot be entertained by this Court because he has failed to show "cause" for his procedural default and "resulting prejudice" or that a "fundamental miscarriage of justice" would result. As a result, Fletcher's petition for writ of habeas corpus will be dismissed.

However, dismissal will be entered without prejudice. If Petitioner presents his *Brady* claim before the Pennsylvania state courts via a third PCRA action and is denied relief, he may file a new § 2254 action.[11] An appropriate Order will enter.

[11] Of course, if such a third PCRA action is not addressed on its merits by the Pennsylvania state courts, Fletcher would be required to show "cause" for his procedural default and "resulting prejudice" or that a "fundamental miscarriage of justice" would result prior to obtaining § 2254 review.